Lindsay G. Leavitt – 029110
Lleavitt@jsslaw.com
Jordan T. Leavitt – 031930
jleavitt@jsslaw.com
JENNINGS, STROUSS & SALMON, P.L.C.
A Professional Limited Liability Company
One East Washington Street
Suite 1900
Phoenix, Arizona 85004-2554
Telephone: (602) 262-5911

*Attorneys for Defendants*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Peter Strojnik,<br><br>Plaintiff,<br><br>vs.<br><br>Lonesome Valley Hospitality, LLC, dba Hampton Inn & Suites Prescott Valley; Hilton Worldwide Holdings, Inc. aka Hilton Franchise Holdings, LLC aka Hilton Holdings, LLC,<br><br>Defendants. | No.<br><br>**DEFENDANTS' NOTICE OF REMOVAL** |

Pursuant to Local Rule of Civil Procedure ("Local Rule") 3.6(a) and 28 U.S.C. §§ 1331, 1441(a)(c) and 1446, Defendants Lonesome Valley Hospitality, LLC, and Hilton Worldwide Holdings, Inc. ("Defendants") provide notice of the removal to this Court of *Strojnik v. Lonesome Valley Hospitality, LLC et al.,* filed in the Yavapai County Superior Court, and assigned case number P1300-CV202000781.

## I. INTRODUCTION

Mr. Strojnik—a former attorney who, in 2018, was disbarred from practicing law in Arizona for filing hundreds of meritless ADA accessibility lawsuits—has now begun filing ADA lawsuits as a *pro se* litigant and seeking tort damages for barriers to accessibility that he alleges he personally encountered at Defendants' hotel and property. Mr. Strojnik has asserted a claim under the Americans with Disabilities Act

("ADA") as well as a smorgasbord of state law claims that all arise from his underlying ADA claim, including negligence, negligent misrepresentation, failure to disclose, consumer fraud, civil conspiracy to commit fraud, and aiding and abetting. The Court has jurisdiction over the lawsuit because Mr. Strojnik's ADA claim against Defendant Lonesome Valley Hospitality, LLC arises under federal law and his civil conspiracy and aiding and abetting claims against Defendant Hilton Worldwide Inc. satisfy the diversity jurisdiction removal standards. Accordingly, removal is proper.

## II. THIS COURT HAS ORIGINAL JURISDICTION PURSUANT TO 28 U.S.C. § 1331 and § 1332

Under 28 U.S.C. § 1441(a), a defendant may remove any case over which the Court has "original jurisdiction." A district court has original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 1331.

Mr. Strojnik has asserted a claim against Defendant Lonesome Valley Hospitality for alleged ADA violations that exist because of, and therefore arise under, the laws of the United States. See 42 U.S.C. § 12101, *et seq.*

Mr. Strojnik, an Arizona resident, has also asserted claims against Defendant Hilton Worldwide Inc., a foreign corporation, the amount of controversy which Mr. Strojnik asserts exceeds $75,000.00. Accordingly, Mr. Strojnik's claims against Defendant Hilton Worldwide Inc. can also be removed under 28 U.S.C. § 1332.

## III. THIS NOTICE OF REMOVAL IS TIMELY

A defendant may file a Notice of Removal within "30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based…" 28 U.S.C. § 1446(b)(1).

Mr. Strojnik filed this Complaint in the Yavapai County Superior Court on September 22, 2020. *See **Exhibit A***. He filed a Declaration of Service alleging that he

served Defendant Hilton Worldwide Holdings, Inc. on September 25, 2020 and Defendant Lonesome Valley Hospitality, LLC accepted Service on October 13, 2020. *See* ***Exhibit B***. This means Defendant Hilton Worldwide Inc.'s deadline for filing a Notice of Removal is October 25, 2020 and Defendant Lonesome Valley Hospitality LLC's deadline for removal is November 12, 2020. Accordingly, this Notice is timely.

## IV. DEFENDANTS HAVE COMPLIED WITH THE LOCAL RULE GOVERNING REMOVAL.

A copy of the entire state court record, as it existed on the date of this filing, is attached as **Exhibits C [1-6].** *See* L.R.Civ. 3.6(b). A verification of Lindsay G. Leavitt, confirming that the state court record attached as Exhibits C [1-6] are true and complete, is attached as **Exhibit D**. No motions are pending in the state court. *See* L.R.Civ. 3.6(c). Contemporaneously with this filing, a separate notice will be filed in state court with a copy of this Notice attached as **Exhibit E**. *See* L.R.Civ. 3.6(a).

## V. CONCLUSION

Because this case satisfies the requirements for being in federal district court and Defendants complied with the removal process, this case should be removed from the Yavapai County Superior Court to the U.S. District Court for the District of Arizona.

RESPECTFULLY SUBMITTED this 23rd day of October, 2020.

JENNINGS, STROUSS & SALMON, P.L.C.

By *s/ Lindsay G. Leavitt*

Lindsay G. Leavitt
Jordan T.Leavitt
One East Washington Street, Suite 1900
Phoenix, Arizona 85004-2554
*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

☐ I hereby certify that on October 23, 2020, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

☒ I hereby certify that on October 23, 2020, I served the attached document by U.S. mail on the following, who are not registered participants of the CM/ECF System:

Peter Srojnik
7847 N. Central Avenue
Phoenix, AZ 85020
ps@strojnik.com
*Plaintiff Pro Per*

s/ Tana Davis-Digeno