# EXHIBIT "A"

FILED
DONNA McQUALITY
CLERK, SUPERIOR COURT
09/22/2020 10:14AM
BY: IGENTLE
DEPUTY

Case No.: P1300CV202000781
HON. MICHAEL MCGILL

Peter Strojnik,
7847 N. Central Avenue
Phoenix, Arizona 85020
Telephone: (602) 524-6602
ps@strojnik.com

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF YAVAPAI

| | |
|---|---|
| Peter Strojnik, | Case No: |
| Plaintiff, | **COMPLAINT** |
| vs. | **1. Americans with Disabilities Act** |
| Lonesome Valley Hospitality LLC dba Hampton Inn & Suites Prescott Valley; Hilton Worldwide Holdings, Inc. aka Hilton Franchise Holding, LLC aka Hilton Holdings, LLC | **2. Negligence** <br> **3. Negligent Misrepresentation** <br> **4. Failure to Disclose** <br> **5. Common Law Fraud / Consumer Fraud** <br> **6. Consumer Fraud – Brand Deceit** <br> **7. Civil Conspiracy to Commit Fraud** <br> **8. Aiding and Abetting** |
| Defendants. | **JURY TRIAL REQUESTED** |

## NATURE OF THE CASE

1. Segregation of the disabled is the last vestige of collectively acceptable discrimination. Discrimination is highly prevalent in the lodging industry.

2. Despite the collectively acceptable discrimination, however, Plaintiff is entitled to full and equal enjoyment of lodging services and facilities, 42 U.S.C. §12182(a). His right to equal and full participation in the benefits and services in lodging facilities is inviolate.

3. The lodging industry is subject to specific accessibility disclosure requirements under 28 C.F.R. 36.302(e)(1)(ii), and specific architectural accessibility requirements pursuant to the ADA Accessibility Guidelines ("ADAAG").

4. Hotels, motels and other places of lodging have developed a system of deceptive self-identification through the use of purchased brand names such as "Holiday Inn" and "DoubleTree by Hilton" while at the same time concealing the true identity of the hotel owners and operators. The intent and purpose of this deceptive identification is to mislead the lodging public into believing that they are booking a hotel room at a national brand name property when they are in fact booking a room with an unknown owner and an unknown operator.

5. The misidentification of the brand name "operator" or "owner" instead of the actual operator or owner benefits the actual operator or owner in its marketing efforts, but does not fall within to the legal definition of the "operator" under the ADA.

6. Some hotels, motels and other places of lodging have developed a system of booking website accessibility disclosures that disclose certain accessible features but also describe other features that are not accessible. The effect of admissions of non-accessibility is to deter the disabled from lodging there.

7. Where a place of lodging limits a disabled person's access to particular features, such limitation represents a prohibited eligibility criteria pursuant to 28 C.F.R. 36.301 because, "while not creating a direct bar to individuals with disabilities, indirectly prevent or limit their ability to participate".

8. Therefore, Plaintiff brings this action against Defendants alleging:

    a. Violations of 28 C.F.R. 36.302(e)(1)(ii) and the ADAAG and corresponding negligence against Defendant Lonesome Valley Hospitality, LLC ("Lonesome Valley"); and

    b. Violations of common law and statutory consumer protection laws against Lonesome Valley; and

    c. Brand deceit for deceptive self-identification against Lonesome Valley; and

    d. Civil Conspiracy against Lonesome Valley and Hilton Worldwide Holdings, Inc. aka Hilton Franchise Holding, LLC aka Hilton Holdings, LLC ("Hilton"); and

    e. Civil Aiding and Abetting against Hilton related to (i) Lonesome Valley's use of Hilton's website platform to provide incorrect and deceptive accessibility

information and (2) for assisting Lonesome Valley in its deceptive self-identification.

## PARTIES

9. Plaintiff is a retired veteran and a disabled person as defined by the 2008 ADA Amendment Act, 28 C.F.R. 36.105 all as more fully developed below.

10. Defendant Lonesome Valley owns, operates leases or leases to a lodging business located at 2901 N. Glassford Hill Rd., Prescott Valley, AZ 86314 ("Hotel").

11. Defendant Hilton is an international lodging and franchising chain and the direct or indirect owner of the brand "Hampton Inn & Suites by Hilton".

## JURISDICTION AND VENUE

12. Superior Court has jurisdiction over this case or controversy by virtue of A.R.S. § 12-123. Venue is proper pursuant to A.R.S. § 12-401.

13. This Court has continuing subject matter jurisdiction by virtue of, *inter alia,* Plaintiff's claim for equitable nominal damages.

14. The ADA violations documented below relate constitute barriers to Plaintiff equal enjoyment of defendant's Hotel by virtue of the limitations of major life activities described in Table 1 below, that is, walking, standing, sitting, bending, sleeping, working, performing manual tasks, reaching, grasping, lifting, climbing, kicking, pushing, opening doors, twisting the wrist, shoulder and elbows, and working in a manner understood by the application of common sense, e.g., in improperly configured handrail relates to Plaintiff's walking and grasping while an improperly configured staircase relates to his walking and climbing impairments[1].

15. These barriers impair Plaintiff's full and equal access to the Hotel.

16. Plaintiff is deterred from visiting the Hotel based on Plaintiff's knowledge that the Hotel is not ADA compliant as such compliance relates to Plaintiff's disability. However, Plaintiff intends to return to the Hotels periodically to test them for ADA

---

[1] These are merely examples of the application of common sense; the referenced violations were not necessarily encountered at Defendant's Hotel. The actual barriers are photographically documented elsewhere in this Complaint. Each photograph has a description of the violation in common everyday language which relates to one or more of the limited life activities described above.

3

compliance. Plaintiff's current intent is to return to the Hotels to lodge there or to test their accessibility within a year's time.

17. Plaintiff intends to visit the Hotels at a specific time when they become fully compliant with ADAAG; just as a disabled individual who intends to return to a noncompliant Hotel suffers an imminent injury from the Hotel's existing or imminently threatened noncompliance with the ADA, a plaintiff who is deterred from patronizing a hotel suffers the ongoing actual injury of lack of access to the Hotel.

**PLAINTIFF'S DISABILITIES AS DEFINED BY THE 2008 ADA AMENDMENT ACT AND 28 C.F.R. 36.105**

18. At all times relevant hereto, Plaintiff suffered from the following physical disabilities: prostate cancer, genitourinary impairment, renal cancer, severe right-sided neural foraminal stenosis with symptoms of femoral neuropathy, missing right knee ameliorated with a prosthesis, limitation on the use of both shoulders, elbows and wrists, pleurisy, hyper blood pressure.

19. Plaintiff's physical infirmities alleged above do both of the following:

   a. Affect neurological, musculoskeletal, respiratory, cardiovascular, reproductive and genitourinary body systems; and

   b. Limit, without regard to mitigated or unmitigated measures, active or inactive state, remissive or non-remissive condition, the following major life activities: walking, standing, sitting, bending, sleeping, working, climbing stairs, kicking, jumping, twisting body, running, reaching, lifting, writing, working, twisting the wrist, shoulder and elbows, grasping, pushing, opening doors, breathing, getting in and out of a car, working, carrying stuff and other major life activities.

20. Plaintiff has a history of impairments stated in the preceding paragraph.

21. Plaintiff is regarded as having a physical conditions that limit major life activities.

22. Because of Plaintiff's disabilities, he requires the use of lodging facilities that are accessible to him and have the standard accessibility features of the construction related accessibility standards including those required by 42 U.S.C. Sec. 12101 et

4

1    seq., 28 C.F.R. Part 36, the relevant Standards for Accessibility Design, as such laws

2    and regulations relate to walking, standing, sitting, bending, sleeping, working,

3    climbing stairs, kicking, jumping, twisting body, running, reaching, lifting, writing,

4    working, twisting the wrist, shoulder and elbows, grasping, pushing, opening doors,

5    breathing, getting in and out of a car, carrying stuff and working.

6  23. Plaintiff has been declared disabled and has been issued a government

7    disability placard reproduced in the margin. 

8  24. The following Table 1 indicates the relationship between Plaintiff's ADA

9    disabilities and major life activities:

**RELATION BETWEEN PLAINTIFF'S ADA DISABILITY AND MAJOR
LIFE ACTIVITIES**

| DISABILITY | | | | RELATION | |
|---|---|---|---|---|---|
| DESCRIPTION | DISABILITY PRONG | | | MAJOR LIFE ACTIVITY | 28 C.F.R. 36 REFERENCE |
| | Impairment | History Of | Reg'ed As | | |
| Prostate Cancer And Genitourinary Impairment | x | x | x | Abnormal cell growth, genitourinary, bladder, reproductive functions. | (c)(1)(ii) (d)(1)(iv) (d)(1)(v) (d)(1)(vi) (d)(1)(viii) (d)(2)((iii)(F) (e)(1)(2) (f)(1) |
| Renal Cancer | x | x | x | Abnormal cell growth, midsection twisting, turning, general movement. | (c)(1)(ii) (d)(1)(iv) (d)(1)(v) (d)(1)(vi) (d)(1)(viii) (d)(2)((iii)(F) (e)(1)(2) (f)(1) |
| Severe Right-Sided Neural Foraminal Stenosis With Symptoms Of Femoral Neuropathy | x | x | x | Walking, standing, sitting, bending, sleeping, working, climbing stairs, kicking, jumping, twisting body, running, climbing, carrying stuff and other major life activities | (c)(1)(i) (d)(1)(iv) (d)(1)(v) (d)(1)(vi) (d)(1)(viii) (d)(2)(iii)(D) (e)(1)(2) (f)(1) |

| | | | | | |
|---|---|---|---|---|---|
| Partially Missing Limb - Missing Right Knee | x | x | x | Walking, standing, sitting, bending, walking, sleeping, working, climbing stairs, kicking, jumping, running, twisting knee, carrying stuff, and other major life activities. | (c)(1)(i) (d)(1)(iv) (d)(1)(v) (d)(1)(vi) (d)(1)(viii) (d)(2)((iii)(D) (e)(1)(2) (f)(1) |
| Limitation On The Use Of Both Shoulders, Elbows And Wrists | x | x | x | Performing manual tasks, sleeping, reaching, lifting, writing, working, twisting the wrist, shoulder and elbows, grasping, pushing, opening doors, carrying stuff and working. | (c)(1)(i) (d)(1)(iv) (d)(1)(v) (d)(1)(vi) (d)(1)(viii) (e)(1)(2) (f)(1) |
| Pleurisy | x | x | x | Performing manual tasks, sleeping, walking, reaching, lifting, writing, working, carrying stuff, or physically functioning on any level. | (c)(1)(i) (d)(1)(iv) (d))1)(v) (d)1)(vi) (d)(2)((iii)(D) (e)(1)(2) (f)(1) |
| **Table 1** | | | | | |

25. Plaintiff has been declared permanently disabled by the Arizona Department of Transportation and is, therefore "regarded as" being disabled. The disabled placard reproduced in the margin above entitles him to preferential parking, stopping and the use of passenger loading / drop of zone areas.

26. In their unmitigated, active state, Plaintiff's impairments require the use of a wheelchair as defined in 28 C.F.R. 36.104.

27. Plaintiff incorporates the entirety of 28 C.F.R. 36 and the Standards for Accesibility Design into this Complaint as if fully stated herein.

///

6

**PLAINTIFF'S ADA REQUIREMENTS FOR FULL AND EQUAL ENJOYMENT OF A HOTEL**

28. With respect to the disclosures required by 28 C.F.R. 36.302(e)(1)(ii) **and** with respect to the removal of actual, physical or architectural barriers to accessibility, Plaintiff alleges:

   a. Plaintiff is ADA disabled as described above. The relationship between Plaintiff's impairments and major life activities is described in Table 1.

   b. Plaintiff's impairments are substantially limiting as this term is defined in the 2008 ADA Amendment Act and interpreted in 28 C.F.R. 36.105.

   c. Plaintiff alleges that the provisions of the 2008 ADA Amendment Act and 28 C.F.R. 35.105 relating to (1) ameliorative effects of mitigating measures (2) episodic impairments, (3) remissive impairments, (4) predictable assessments and (5) the interpretative definition of "substantially limiting" apply to Plaintiff.

   d. Because of and based on Plaintiff's impairments described above, Plaintiff requires a place of lodging  where he desires to book a room to both:

      1. Identify and describe accessible features and guest rooms offered through its reservations service in sufficient detail to permit Plaintiff assess independently whether Defendant's Hotel and guest rooms meet Plaintiff's accessibility needs; and

      2. Remediate architectural accessibility barriers that relate to Plaintiff's impairments.

   e. The identification of accessible features at the hotel through a hotel's reservation service is required because without such information, Plaintiff is unable to assess independently whether a hotel's condition meets Plaintiff's needs.

   f. The remediation of architectural accessibility barriers as they relate to Plaintiff's impairments is required because any encounter with architecturally inaccessible elements causes Plaintiff discomfort and pain when using, negotiating, overcoming or otherwise encountering such barriers.

g.  As a result, Plaintiff requires a hotel's booking services to disclose, and the hotel to remediate, all of the following accessibility requirements of the applicable Standards for Accessibility Design[2]:

(i) Operable parts [205[3], 309, 404,] such as doors, door opening and closing hardware, AC controls. An encounter with a non-compliant operable part causes Plaintiff to experience pain and discomfort when using, negotiating, overcoming or otherwise encountering such a barrier and deprive him of full and equal enjoyment of the hotel.

(ii) Knee and toe clearances [306] at counters, bars etc. An encounter with a non-compliant knee and toe clearance causes Plaintiff to experience pain and discomfort when using, negotiating, overcoming or otherwise encountering such a barrier and deprive him of full and equal enjoyment of the hotel.

(iii)    Reach ranges [308] in sales stores and other elements. An encounter with a non-compliant reach range causes Plaintiff to experience pain and discomfort when using, negotiating, overcoming or otherwise encountering such barriers and deprive him of full and equal enjoyment of the hotel.

(iv)    Accessible routes [402]. An encounter with a non-compliant accessible route causes Plaintiff to experience pain and discomfort when using, negotiating, overcoming or otherwise encountering such a barrier and deprive him of full and equal enjoyment of the hotel.

(v) Walking surfaces [403] on accessible routes. An encounter with a non-compliant walking surfaces causes Plaintiff to experience pain and discomfort when using, negotiating, overcoming or otherwise encountering such a barrier and deprive him of full and equal enjoyment of the hotel.

---

[2] These requirements are based on Plaintiff's disability as defined in the 2008 ADA Amendment Act and 28 C.F.R. 36.105 in their active, inactive, remissive, non-remissive, mitigated or unmitigated states.

[3] Bracketed numbers refer to Standards for Accessibility Design.

(vi)    Parking spaces, passenger loading ones, stairways and handrails [501, 502, 503, 504, 505]. An encounter with a non-compliant parking facilities, stairways and handrails causes Plaintiff to experience pain and discomfort when using, negotiating, overcoming or otherwise encountering such barriers and deprive him of full and equal enjoyment of the hotel.

(vii)   Toilet and bathing rooms, water closets and toilet compartments, lavatories and sinks, bathtubs, shower compartments, grab bars, seats, washing machines, clothes dryers and saunas and steam rooms [602, 603, 604, 606, 607, 608, 609, 610, 611 and 612]. An encounter with a non-compliant toilet and bathing rooms, water closets and toilet compartments, lavatories and sinks, bathtubs, shower compartments, grab bars, seats, washing machines, clothes dryers and saunas and steam rooms cause Plaintiff to experience pain and discomfort when using, negotiating, overcoming or otherwise encountering such barriers and deprive him of full and equal enjoyment of the hotel.

(viii)  Transient lodging guest rooms [806]. An encounter with a non-compliant transient lodging guest room causes Plaintiff to experience pain and discomfort when using, negotiating, overcoming or otherwise encountering such a barrier and deprive him of full and equal enjoyment of the hotel.

(ix)    Dining surfaces and work surfaces, benches, check out isles and sales and service counters [902, 903, 904]. An encounter with a non-compliant dining surfaces and work surfaces, benches, check out isles and sales and service counters cause Plaintiff to experience pain and discomfort when using, negotiating, overcoming or otherwise encountering such barriers and deprive him of full and equal enjoyment of the hotel.

(x) Swimming pools and saunas [1009]. An encounter with non-compliant swimming pools or saunas causes Plaintiff to experience pain and discomfort when using, negotiating, overcoming or otherwise encountering such barriers and deprive him of full and equal enjoyment of the hotel.

9

1    29. Plaintiff reviewed Defendant's booking website to determine whether it "identif[ies]

2        and describe[s] accessible features and guest rooms offered through its reservations

3        service in sufficient detail to assess independently whether [Defendant's Hotel or

4        guest room] meet [Plaintiff's] accessibility needs".

5    30. The reproduction of relevant booking websites in Table 2 below demonstrates a

6        failure to identify and describe accessible features and guest rooms offered through

7        its reservations service in sufficient detail to permit Plaintiff to assess independently

8        whether Defendant's Hotel or guest room meet Plaintiff's accessibility needs:

28 C.F.R. 36.302(e)(1)(ii) DISCLOSURES
https://www.hilton.com/en/hotels/prcvlhx-hampton-suites-prescott-valley/

**Available accessible features include:**

- Accessible business center
- Accessible exercise facility
- Accessible guest rooms with mobility features with entry or passage doors that provide 32" of clear width
- Accessible hotel restaurant
- Accessible parking spaces for cars in the self-parking facility
- Accessible public entrance
- Accessible registration desk
- Accessible route from the accessible public entrance to the accessible guestrooms
- Accessible route from the accessible public entrance to the registration area
- Accessible route from the hotel's accessible entrance to the meeting room/ballroom area
- Accessible route from the hotel's accessible public entrance to at least one restaurant
- Accessible route from the hotel's accessible public entrance to the business center
- Accessible route from the hotel's accessible public entrance to the exercise facilities
- Accessible route from the hotel's accessible public entrance to the spa
- Accessible route from the hotel's accessible public entrance to the swimming pool
- Accessible swimming pool

- ◦ Closed captioning on televisions or closed captioning decoders
- Service animals welcome
- TTY for guest use
- Van-accessible parking in the self-parking facility

**The following features aren't available:**

- Accessible concierge desk
- Accessible transportation with advance notice
- Assistive listening devices for meetings upon request
- Valet only parking

| Table 2 |
| --- |

31. The information disclosed on Hotel's Booking Website, Table 2, indicates that the hotel is completely ADA compliant with the exception of 4 items discloses in Table 2.

   a. That representation that the Hotel is accessible is false as evidenced in Table 3 below.

32. Plaintiff personally visited the Hotel and personally encountered the following photographically documented conditions at the Hotel. Below each photograph is a vernacular description of the barrier and how the barrier affected Plaintiff's impairments described above so as to deny him the 'full and equal' access that would satisfy the injury-in-fact requirement (i.e., that he personally suffered discrimination under the ADA on account of his disability).



Identification.

11

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15



No marked passenger loading zone.

16
17
18
19
20
21
22
23
24
25
26
27
28



No accessibility to passenger waiting area.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



Inaccessible check in counter.



More than 5 lbs to open.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



Wrongly configured hardware – twisting action.



3.5 s closing time.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



Opening hardware too high.



No handrails on ramps throughout.

**Identification of Specific Barrier in Plain Language:** As indicate below each photo.

**The date when Plaintiff encountered above described barriers and which deter Plaintiff from visiting the Facility:** On or about August 17, 2020.

Table 3

1

2

3

<div align="center">

**COUNT ONE**

Americans with Disabilities Act

</div>

4
33. Plaintiff realleges all allegations heretofore made.

5
34. Defendant Lonesome Valley violated the ADA as documented above.

6
35. Plaintiff  is deterred from booking a room at the Hotel because the violations

7
documented above are directly related to his disabilities by the application and use of

8
common sense as suggested by the United States Supreme Court in *Ashcroft v.*

9
*Iqbal,* 556 U.S. 662 (2009)

10
36. Each of the above conditions constitute a violation of the ADA and deprived Plaintiff

11
of full and equal access and enjoyment of the Hotel.

37. The removal of barriers is readily achievable.

12
38. Plaintiff's injury will be redressed by the removal of barriers as requested below.

13
**WHEREFORE,** Plaintiff prays for all relief as follows:

14

15
A. Relief described in 42 U.S.C. §2000a – 3; and

B. Relief described in 42 U.S.C. § 12188(a) and (b) and, particularly -

16
C. Injunctive relief order to alter Defendant's place of public accommodation to

17
make it readily accessible to and usable by ALL individuals with disabilities;

18
and

19
D. Requiring the provision of an auxiliary aid or service, modification of a

20
policy, or provision of alternative methods, to the extent required by

21
Subchapter III of the ADA; and

22
E. Equitable nominal damages; and

23
F. For costs, expenses and attorney's fees; and

24
G. All remedies provided for in 28 C.F.R. 36.501(a) and (b); and

25
H. All other relief susceptible of proof based on the allegations.

<div align="center">

**COUNT TWO**

Negligence and Negligence Per Se

</div>

26

27
39. Plaintiff realleges all allegations heretofore set forth.

28

<div align="center">

16

</div>

40. Defendant owed Plaintiff a duty to remove ADA accessibility barriers so that Plaintiff as a disabled individual would have full and equal access to the public accommodation.

41. The ADA is a civil rights legislative pronouncements while the enforceable implementing regulation are safety pronouncements. *See,* e.g. 28 C.F.R. 36 and 2010 Standards for Accessibility Design.

42. Every time that Plaintiff is required to negotiate a non-compliant element in Defendant's Hotel, Plaintiff suffers pain and physical discomfort that the regulation is designed to prevent.

43. Plaintiff personally experienced the violations of enforceable implementing regulations and personally experienced paid, discomfort and suffering as a result of Defendant's violations of implementing regulations.

44. Plaintiff suffered physical and emotional damages in an amount to be proven at trial but in no event less than $35,000.00.

45. The implementing regulations were designed for the specific purpose of preventing, in part, the types of injuries suffered by Plaintiff.

46. Defendant breached this duty.

47. Defendant's knowing, and intentional discrimination has worked counter to our Nation's goals enumerated in 42 U.S.C. 12101(a), causing Plaintiff injury.

48. By engaging in negligent conduct described herein, Defendant engaged in intentional, aggravated and outrageous conduct.

49. Defendant either intended to cause injury to Plaintiff or defendant consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to Plaintiff.

50. Defendant is liable to Plaintiff for punitive damages in an amount to be proven at trial sufficient, however, to deter this Defendant and others similarly situated from pursuing similar acts, and in no event less than $135,000.00.

**WHEREFORE,** Plaintiff prays for relief as follows:

    A. For finding of negligence; and

    B. For damages in the amount of no less than $35,000.00; and

C. For punitive damages in the amount of no less than $135,000.00; and

D. For such other and further relief as the Court may deem just and proper.

### COUNT THREE
### Negligent Misrepresentation

51. Plaintiff realleges all allegations heretofore set forth.

52. Defendant failed to exercise reasonable care or competence in obtaining or communicating the information regarding ADA compliance to Plaintiff through its booking website as alleged above.

53. Defendant hotel supplied false information to Plaintiff for guidance in Plaintiff's business transaction, to wit: the renting of a hotel room.

54. Defendant's false statement was made in the course of Defendant's business in which Defendant has a pecuniary interest, to wit: renting of rooms.

55. Plaintiff justifiably relied on Defendant's false representation.

56. Plaintiff has suffered pecuniary losses as a result of his reliance on Defendant's false information regarding ADA compliance, to wit: he spent time, effort and resources in an amount to be proven at trial, but in no event less than $35,000.00.

57. Defendant either intended to cause injury to Plaintiff or defendant consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to Plaintiff.

58. Defendant is liable to Plaintiff for punitive damages in an amount to be proven at trial sufficient, however, to deter this Defendant and others similarly situated from pursuing similar acts, but in no event less than $135,000.00.

**WHEREFORE,** Plaintiff prays for relief as follows:

A. For finding of negligent misrepresentation; and

B. For damages in an amount requested; and

C. For punitive damages in the amount requested; and

D. For such other and further relief as the Court may deem just and proper.

### COUNT FOUR
### Failure to Disclose

59. Plaintiff realleges all allegations heretofore set forth.

18

60. Defendant was under a duty to Plaintiff to exercise reasonable care to disclose matters required to be disclosed pursuant to 28 C.F.R. 36.302(e)(1)(ii) as more fully alleged above.

61. Defendant was under a duty to disclose matters to Plaintiff that Defendant knew were necessary to be disclosed to prevent Plaintiff to be misled by partial disclosures of ADA compliance as more fully alleged above.

62. The compliance with the ADA is a fact basic to the transaction.

63. Defendant failed to make the necessary disclosures.

64. As a direct consequence of Defendant's failure to disclose, Plaintiff visited the hotel, but is deterred from booking a room because of its non-compliance with the ADA.

65. Plaintiff has been damaged by Defendant's non-disclosure in an amount to be proven at trial, but in no event less than $135,000.00.

66. Defendant either intended to cause injury to Plaintiff or defendant consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to Plaintiff.

67. Defendant is liable to Plaintiff for punitive damages in an amount to be proven at trial sufficient, however, to deter this Defendant and others similarly situated from pursuing similar acts but in no event less than $135,000.00

**WHEREFORE,** Plaintiff prays for relief as follows:

    A. For finding of that Defendant failed to disclose information; and

    B. For damages in the amount requested; and

    C. For punitive damages in the amount requested; and

    D. For such other and further relief as the Court may deem just and proper.

## COUNT FIVE
### Common Law and Statutory Fraud

68. Plaintiff realleges all allegations heretofore set forth.

69. Defendant made representation(s) as alleged in Table 2 above.

70. The representation(s) were material.

71. The representation(s) were false.

72. Defendant knew that the representation(s) were false or was ignorant to the truth or falsity thereof.

73. Defendant intended that Plaintiff rely on the false representation(s).

74. Plaintiff reasonably relied on the misrepresentation(s).

75. Plaintiff has a right to rely on the misrepresentation(s).

76. Plaintiff was consequently and proximately damaged by Defendant's misrepresentation(s).

77. Defendant's misrepresentation(s) were made in connection with the sale or advertisement of merchandise with the intent that Plaintiff rely on it.

78. Renting of hotel rooms is "merchandise" as this term is defined in A.R.S. §44-1521(5).

79. Plaintiff suffered an injury resulting from the false misrepresentation(s) and was damaged thereby in an amount of no less than $35,000.00.

80. Defendant either intended to cause injury to Plaintiff or defendant consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to Plaintiff.

81. Defendant is liable to Plaintiff for punitive damages in an amount to be proven at trial sufficient, however, to deter this Defendant and others similarly situated from pursuing similar acts but in no event less than $235,000.00.

**WHEREFORE,** Plaintiff prays for relief as follows:

 A. For finding of that Defendant failed to disclose information; and

 B. For damages in the amount requested; and

 C. For punitive damages in the amount requested; and

 D. For such other and further relief as the Court may deem just and proper.

## COUNT SIX
### Consumer Fraud – Brand Deceit

82. Plaintiff realleges all allegations made above.

83. Hotels, motels and other places of lodging have developed a system of deceptive self-identification through the purchase and use of nationally recognizable brand names

1    such as "Holiday Inn", "Hilton", "Motel 6", "Hilton" in order to hide the true

2    ownership and operational management of the hotel or motel.

3    84. One way this deceptive self-identification is communicated to the guests and potential

4    guests is through actual identification on the property itself.  For example, Defendant

5    Lonesome Valley identifies itself as Hampton Inn & Suites by Hilton at the entrance

6    to the Hotel:



85. Lonesome Valley is not Hampton Inn & Suites by Hilton. It is Lonesome Valley. The misidentification is necessary because general public, including Plaintiff, identify Hilton properties with a higher degree of lodging standard and general integrity than Lonesome Valley.

86. Another way Defendant misidentifies itself is thorough its booking website:

https://www.hilton.com/en/search/hilton-honors/?query=Prescott%20Valley,%20Arizona,%20US&placeId=&sessionToken=ca6e4a87-904d-4234-949f-086a26953f96&arrivalDate=2020-08-20&departureDate=2020-08-21&numAdults=1&numChildren=0&numRooms=1



### Hampton Inn & Suites Prescott Valley

0.72 miles
Hotel Details >

**$190**
LIMITED TIME - HONORS ESSENTIAL TRAVELER



87. Yet other ways the Hotel misidentifies itself as through business card of the Hotel management:



88. The intent and purpose of this deceptive self-identification is to mislead the lodging public into believing that they are booking a hotel room at a national brand name

property when they are in fact booking a room with an unknown owner and an unknown operator. Plaintiff justifiably relied on Lonesome Valley's false self-identification to his damage.

89. Plaintiff suffered an injury resulting from the false misrepresentation(s) and was damaged thereby in an amount of no less than $35,000.00.

90. Defendant either intended to cause injury to Plaintiff or defendant consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to Plaintiff.

91. Defendant is liable to Plaintiff for punitive damages in an amount to be proven at trial sufficient, however, to deter this Defendant and others similarly situated from pursuing similar acts but in no event less than $135,000.00.

**WHEREFORE,** Plaintiff prays for relief as follows:

    A. For finding of that Defendant failed to disclose information; and

    B. For damages in the amount requested; and

    C. For punitive damages in the amount requested; and

    D. For such other and further relief as the Court may deem just and proper.

**COUNT SEVEN**
Civil Conspiracy

92. Plaintiff realleges all allegations heretofore set forth.

93. Hilton is the owner of the "Hampton Inn & Suites by Hilton" brand name.

94. Hilton and Lonesome Valley knew, at all times relevant hereto, that the Hilton brand has positive reputation, while Lonesome Valley has no reputation.

95. Public's perception of Lonesome Valley is wholly derivative of the reputation of Hilton.

96. Hilton and Lonesome Valley also knew, at all relevant times, that Lonesome Valley would sell more rooms if it sold the rooms under the name Hilton and not Lonesome Valley.

97. Lonesome Valley paid Hilton for the use of its brand name Hampton Inn & Suites by Hilton.

98. Hilton and Lonesome Valley structured their relationship so that Plaintiff and the public would believe that Hilton operates the Hotel, while at the same time they knew that Hilton was not the operator and would not be considered an operator of the Hotel and thereby not subject to ADA liability.

99. Hilton further provided Lonesome Valley with a booking platform on Hilton's website and agreed, expressly or implicitly, that Lonesome Valley misrepresent its accessibility features thereon.

100.   Hilton and Lonesome Valley also knew that the use of Hilton's brand name and the misrepresentations on the Hilton's website would mislead the traveling public into believing that they were dealing with a reputable national lodging chain when in fact they are dealing with an unknown person or entity with no reputation and that the website disclosures ere truthful.

101.   It was for these reasons that Hilton and Lonesome Valley agreed that the Hotel would market its rooms under the name of Hilton.

102.   The agreement between Defendants assured that Hilton would (1) receive compensation for its part of the brand deceit and (2) avoid ADA liability Lonesome Valley would reap the benefits of greater sales caused by Defendants' brand deceit.

103.   Defendants agreed to falsely market the Hotel as a "Hampton Inn & Suites by Hilton" in order to misled the public, including Plaintiff.

104.   Plaintiff believed he was dealing with Hilton when in fact he was dealing with an unknown entity.

105.   Defendants Hilton and Lonesome Valley agreed to accomplish an unlawful purpose, the sale of rooms under deceptive brand, and did so by unlawful means.

106.   Defendants Hilton and Lonesome Valley agreed to accomplish an unlawful purpose,  the sale of rooms to the disabled travelers with false accessibility information, and did so by unlawful means.

107.   Plaintiff suffered an injury resulting from Defendants' brand deceit and their agreement to accomplish it in a manner described above and was damaged thereby in an amount of no less than $35,000.00.

24

108.   Defendants either intended to cause injury to Plaintiff or defendant consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to Plaintiff.

109.   Defendants are liable to Plaintiff for punitive damages in an amount to be proven at trial sufficient, however, to deter these Defendants and others similarly situated from pursuing similar acts but in no event less than $235,000.00.

**WHEREFORE,** Plaintiff prays for relief as follows:

    A. For finding of that Defendants committed a civil conspiracy; and

    B. For damage as prayed for above; and

    C. For damages in the amount requested; and

    D. For punitive damages in the amount requested; and

    E. For such other and further relief as the Court may deem just and proper.

<div align="center">

**COUNT EIGHT**
Civil Aiding and Abetting

</div>

110.   Plaintiff realleges all allegations heretofore made.

111.   Defendant Hilton aided and abetted Defendant Lonesome Valley brand deceit by:

    a. Providing the Hilton signage on the physical Hotel building; and

    b. Maintaining a booking website that does not disclose the true ownership and operator of the Hotel; and

    c. Issuing reservation confirmations in the name of Hilton in order to conceal the true ownership and operations; and

    d. Otherwise assuring that the true name of the owner of the Hotel appears nowhere on its disclosures, websites, booking websites, telephonic identification, physical signage or anywhere else; and

    e. Providing a website platform upon which Defendant Lonesome Valley advertised its rooms with false and misleading accessibility disclosures.

112.   Hilton aided and abetted Lonesome Valley in providing Lonesome Valley with a website platform in which Lonesome Valley committed misrepresentations relating to accessibility.

113.   Plaintiff suffered an injury resulting from Hilton's aiding and abetting brand deceit in an amount of no less than $35,000.00.

114.   Defendants either intended to cause injury to Plaintiff or defendant consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to Plaintiff.

115.   Defendants are liable to Plaintiff for punitive damages in an amount to be proven at trial sufficient, however, to deter these Defendants and others similarly situated from pursuing similar acts but in no event less than $235,000.00.

**WHEREFORE,** Plaintiff prays for relief as follows:

A. For finding of that Defendant Hilton committed civil aiding and abetting; and

B. For damage as prayed for above; and

C. For punitive damages in the amount requested; and

D. For such other and further relief as the Court may deem just and proper

### PUNITIVE DAMAGES ENHANCEMENT ALLEGATIONS

116.   Plaintiff further alleges that:

a. Defendants' conduct was and continues to be reprehensible; and

b. Defendant's caused severe of the harm, i.e. segregation of persons with disabilities; and

c. Defendants segregated of Plaintiff from the rest of the traveling public; and

d.  The duration of Defendants' the misconduct is over 30 years and

e. Defendants' were fully aware of their own illicit maintenance of the Hotel; and

f. Particularly where compensatory damages may be low, "the need for punishment or deterrence may be increased by reason of the very fact that the defendant will have no liability for compensatory damages". *Sanchez v. Clayton*, 117 N.M. 761, 767, 877 P.2d 567, 573 (1994) (citing to 1 Dan B. Dobbs, *Law of Remedies* § 3.11(10), at 515-16 (2d ed. 1993))).

117.   These factors recommend that only the most severe sanctions against Defendant Hotel will assure compliance with the ADA and integration of disabled individuals.

### REQUEST FOR TRIAL BY JURY

Plaintiff respectfully requests a trial by jury in issues triable by a jury.

1

RESPECTFULLY SUBMITTED this 22nd day of September, 2020.

2

**PETER STROJNIK**

3

4

Peter Strojnik
Plaintiff

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT "B"



null / ALL
**Transmittal Number: 22080722**
Date Processed: 09/28/2020

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Claudia Reyes<br>Hilton Domestic Operating Company Inc.<br>7930 Jones Branch Dr<br>Mc Lean, VA 22102-3388 |
| **Electronic copy provided to:** | Matthew Fore<br>Alana Stanley<br>Ashley Cypher<br>Jennifer Guy |

| | |
|---|---|
| **Entity:** | Hilton Domestic Operating Company Inc.<br>Entity ID Number  3602014 |
| **Entity Served:** | Hilton Worldwide Holdings, Inc |
| **Title of Action:** | Peter Strojnik vs. Lonesome Valley Hospitality LLC dba Hampton Inn & Suites Prescott Valley |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Discrimination |
| **Court/Agency:** | Yavapai County Superior Court, AZ |
| **Case/Reference No:** | P1300CV202000781 |
| **Jurisdiction Served:** | Arizona |
| **Date Served on CSC:** | 09/25/2020 |
| **Answer or Appearance Due:** | 20 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Peter Strojnik<br>602-524-6602 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

1
2
3
4
5
6

Lindsay G. Leavitt – 029110
Lleavitt@jsslaw.com
Jordan T. Leavitt – 031930
jleavitt@jsslaw.com
**JENNINGS, STROUSS & SALMON, P.L.C.**
A Professional Limited Liability Company
One East Washington Street
Suite 1900
Phoenix, Arizona  85004-2554
Telephone: (602) 262-5911
MinuteEntries@jsslaw.com

7
8

*Attorneys for Defendant Lonesome Valley*
*Hospitality, LLC d/b/a Hampton Inn & Suites*
*Prescott Valley*

9

**IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

10

**IN AND FOR THE COUNTY OF YAVAPAI**

11
12
13
14
15
16
17

| | |
|---|---|
| Peter Strojnik, | No. P1300-CV202000781 |
| Plaintiff, | **ACCEPTANCE OF SERVICE OF SUMMONS FOR DEFENDANT LONESOME VALLEY, LLC d/b/a HAMPTON INN & SUITES PRESCOTT VALLEY** |
| vs. | |
| Lonesome Valley Hospitality, LLC, dba Hampton Inn & Suites Prescott Valley; Hilton Worldwide Holdings, Inc. aka Hilton Franchise Holdings, LLC aka Hilton Holdings, LLC, | (Assigned to the Hon. Michael McGill) |
| Defendants. | |

18
19

**TO:  Defendant Lonesome Valley Hospitality, LLC d/b/a Hampton Inn & Suites Prescott Valley**

20
21
22
23
24
25
26
27
28

Pursuant to Rule 4(f)(2), Ariz. R. Civ. P., Lindsay G. Leavitt, Esq, hereby acknowledges receipt of the Summons, Complaint and Certificate of Compulsory Arbitration ("Pleadings") in the above captioned matter and, being duly authorized to do so, does hereby accept service on behalf of, and with permission from, Lonesome Valley Hospitality, LLC d/b/a Hampton Inn & Suites Prescott Valley ("Defendant").  This acceptance of service shall operate the same as if said Pleadings had been served pursuant to the Arizona Rules of Civil Procedure upon the Defendant.  The undersigned further acknowledges that Jennings, Strouss & Salmon, PLC is the law firm for the Defendant and that, pursuant to Rule 12(a)(1)(A), Ariz. R. Civ. P., the Defendant's answer or other

7346542v1(88888.842)

responsive pleading deadline will calculate the same as if Defendant was personally served on the date that this acceptance of service is signed by counsel for Defendants.

Dated this ⎯13th⎯ day of October, 2020.

**JENNINGS, STROUSS & SALMON, PLC**

By: _____

Lindsay G. Leavitt, Esq.
Jordan T. Leavitt, Esq.
Jennings, Strouss & Salmon, PLC
One East Washington Street, Ste. 1900
Phoenix, AZ 85004
*Attorneys for Lonesome Valley Hospitality, LLC d/b/a Hampton Inn & Suites Prescott Valley*

2

7346542v1(88888.842)

**Davis-Digeno, Tana L.**

| | |
|---|---|
| **From:** | TurboCourt Customer Service <CustomerService@TurboCourt.com> |
| **Sent:** | Tuesday, October 13, 2020 3:30 PM |
| **To:** | Davis-Digeno, Tana L.; Miller, Debbie |
| **Subject:** | AZTurboCourt E-Filing Courtesy Notification |

This message originated from outside of Jennings Strouss. Do not reply, click on any links or open any attachments unless you trust the sender and know the content is safe.

PLEASE DO NOT REPLY TO THIS EMAIL.

A party in this case requested that you receive an AZTurboCourt Courtesy Notification.

AZTurboCourt Form Set #5052687 has been DELIVERED to Yavapai County.

You will be notified when these documents have been processed by the court.

Here are the filing details:
Case Number: P1300CV202000781 (Note: If this filing is for case initiation, you will receive a separate notification when the case # is assigned.)
Case Title: PETER STROJNIK vs LONESOME VALLEY HOSPITALITY LLC et al.
Filed By: Lindsay G Leavitt
AZTurboCourt Form Set: #5052687
Keyword/Matter #: 88888-842 (Lonesome Valley) (tdd)
Delivery Date and Time: Oct 13, 2020 3:30 PM MST
Forms:
Summary Sheet (This summary sheet will not be filed with the court. This sheet is for your personal records only.)


Attached Documents:
Service: Acceptance: Acceptance of Service of Summons for Defendant Lonesome Valley, LLC ...

# EXHIBIT "C"

Text Size: A A A

| Case Search | Minute Entry Search | Case Notification | Help |

Home / Case Search

## Public Access to Court Information

### Case Search

Printer Friendly Version

<< return to search results          new case search >>

Case Information



| | | | |
|---|---|---|---|
| **Case Number:** | P-1300-CV-202000781 | | |
| **Title:** | PETER STROJNIK vs LONESOME V | **Category:** | Civil |
| **Court:** | Yavapai County Superior | **Filing Date:** | 9/22/2020 |
| **Judge:** | | **Disposition Date:** | |



**HILTON WORLDWIDE HOLDINGS, INC**   DEFENDANT  - D 2

**LINDSAY G LEAVITT**   ATTORNEY  - Y 1



**LONESOME VALLEY HOSPITALITY LLC**   DEFENDANT  - D 1

**PETER STROJNIK**   PLAINTIFF  - P 1

Case Activity

| Date | Description | Party |
|---|---|---|
| 10/13/2020 | SERVICE: ACCEPTANCE | D 1 |
| 9/30/2020 | SERVICE: Proof of Service | P 1 |
| 9/22/2020 | COMPLAINT: Complaint | P 1 |
| 9/22/2020 | ARBITRATION: CERTIFICATE OF COMPULSORY ARBITRATION - IS NOT | P 1 |
| 9/22/2020 | INDICATOR: DISCOVERY TIER 2 | P 1 |
| 9/22/2020 | SUMMONS: SUMMONS | P 1 |
| 9/22/2020 | SUMMONS: SUMMONS | P 1 |

### Document Search

For access to criminal and civil court documents in the Superior Court visit the eAccess portal.
For more information about the eAccess portal please visit: https://www.azcourts.gov/eaccess.

**NOTES:**

**Internet Explorer 10 Users: Case details will not display properly unless you switch to Compatibility View. How?**
The following case types are excluded from search results: sealed cases, cases involving un-served Orders of Protection, mental health and probate data, victim and witness data. Juvenile incorrigible/delinquency case information also cannot be viewed on this website; however other types of cases in which juveniles are parties, such as traffic cases, may be displayed. Certain administrative functions carried out by superior court clerk's offices in each county are not included in this website, such as passport application processing and private process server registration. **Charges stemming from local ordinance violations are not included.**

**Please be aware of the following limitations of the case records displayed:**
• The information may not be a current, accurate, or complete record of the case.
• The information is subject to change at any time.
• The information is not the official record of the court.
• Not all cases from a participating court may be included.
• The information should not be used as a substitute for a thorough background search of official public records.

# EXHIBIT "1"

Person/Attorney Filing:  Peter Strojnik
Mailing Address:  7847 N. Central Avenue
City, State, Zip Code:  Phoenix AZ 85020
Phone Number:
E-Mail Address: ps@strojnik.com
[☒] Representing Self, Without an Attorney
(If Attorney) State Bar Number:

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF Yavapai

Peter Strojnik
Plaintiff(s),

v.                                                    Case No.    P1300CV202000781

Lonesome Valley Hospitality LLC et al
Defendant(s).                            **SUMMONS**


To:  Lonesome Valley Hospitality LLC

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT AFFECTS YOUR RIGHTS.  READ THIS SUMMONS CAREFULLY. IF YOU DO NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1.  A lawsuit has been filed against you. A copy of the lawsuit and other court papers were served on you with this Summons.

2.  If you do not want a judgment taken against you without your input, you must file an Answer in writing with the Court, and you must pay the required filing fee. To file your Answer, take or send the papers to Clerk of the Superior Court, 120 S Cortez St Prescott AZ 86303 or electronically file your Answer through one of Arizona's approved electronic filing systems at http://www.azcourts.gov/efilinginformation.
Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top of this Summons.
Note: If you do not file electronically you will not have electronic access to the documents in this case.

3.  If this Summons and the other court papers were served on you within the State of Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the date of service, not counting the day of service. If this Summons and the other court papers were served on you outside the State of Arizona, your Answer must be filed within THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of service.

    Requests for reasonable accommodation for persons with disabilities must be made to

the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of <u>Yavapai</u>

SIGNED AND SEALED this date:*September 22, 2020*

*DONNA McQUALITY*
Clerk of Superior Court

By:*IGENTLE*
Deputy Clerk



2

# EXHIBIT "2"

Person/Attorney Filing: <u>Peter Strojnik</u>
Mailing Address: <u>7847 N. Central Avenue</u>
City, State, Zip Code: <u>Phoenix AZ 85020</u>
Phone Number:
E-Mail Address: <u>ps@strojnik.com</u>
[☒] Representing Self, Without an Attorney
(If Attorney) State Bar Number:

<div align="center">

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
IN AND FOR THE COUNTY OF <u>Yavapai</u>
</div>

<u>Peter Strojnik</u>
Plaintiff(s),
v.                                              Case No.    P1300CV202000781
<u>Lonesome Valley Hospitality LLC et al</u>
Defendant(s).                                   **SUMMONS**

To: <u>Hilton Worldwide Holdings, Inc</u>

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT AFFECTS YOUR RIGHTS.  READ THIS SUMMONS CAREFULLY. IF YOU DO NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1.  A lawsuit has been filed against you. A copy of the lawsuit and other court papers were served on you with this Summons.

2.  If you do not want a judgment taken against you without your input, you must file an Answer in writing with the Court, and you must pay the required filing fee. To file your Answer, take or send the papers to <u>Clerk of the Superior Court, 120 S Cortez St Prescott AZ 86303 or electronically file your Answer through one of Arizona's approved electronic filing systems at http://www.azcourts.gov/efilinginformation.</u>
    Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top of this Summons.
    Note: If you do not file electronically you will not have electronic access to the documents in this case.

3.  If this Summons and the other court papers were served on you within the State of Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the date of service, not counting the day of service. If this Summons and the other court papers were served on you outside the State of Arizona, your Answer must be filed within THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of service.

    Requests for reasonable accommodation for persons with disabilities must be made to

# EXHIBIT "3"

FILED
DONNA McQUALITY
CLERK, SUPERIOR COURT
09/22/2020 10:14AM
BY: IGENTLE
DEPUTY

Case No.: P1300CV202000781
HON. MICHAEL MCGILL

Peter Strojnik,
7847 N. Central Ave.
Phoenix, AZ 85020
Telephone:  (602) 524-6602
ps@strojnik.com

## YAVAPAI COUNTY SUPERIOR COURT

## STATE OF ARIZONA

|  |  |
|---|---|
| Peter Strojnik, | Case No: |
| Plaintiff, | **CERTIFICATE OF COMPULSORY ARBITRATION** |
| vs. |  |
| Lonesome Valley Hospitality LLC dba Hampton Inn & Suites Prescott Valley; Hilton Worldwide Holdings, Inc. aka Hilton Franchise Holding, LLC aka Hilton Holdings, LLC, |  |
| Defendants. |  |

I certify that the above cause is not subject to compulsory arbitration pursuant to Rules 72-77 of the Rules of Civil Procedure.

DATED this 22nd day of September, 2020.

**PETER STROJNIK**

Peter Strojnik
Plaintiff

# EXHIBIT "4"

FILED
DONNA McQUALITY
CLERK, SUPERIOR COURT
09/22/2020 10:14AM
BY: IGENTLE
DEPUTY

Peter Strojnik,
7847 N. Central Avenue
Phoenix, Arizona 85020
Telephone:  (602) 524-6602
ps@strojnik.com

Case No.: P1300CV202000781
HON. MICHAEL MCGILL

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF YAVAPAI

| | |
|---|---|
| Peter Strojnik,<br><br>                                    Plaintiff,<br><br>vs.<br><br>Lonesome Valley Hospitality LLC dba<br>Hampton Inn & Suites Prescott Valley;<br>Hilton Worldwide Holdings, Inc. aka<br>Hilton Franchise Holding, LLC aka<br>Hilton Holdings, LLC<br><br>                                    Defendants. | Case No:<br><br>**COMPLAINT**<br><br>1.  **Americans with Disabilities Act**<br>2.  **Negligence**<br>3.  **Negligent Misrepresentation**<br>4.  **Failure to Disclose**<br>5.  **Common Law Fraud / Consumer Fraud**<br>6.  **Consumer Fraud – Brand Deceit**<br>7.  **Civil Conspiracy to Commit Fraud**<br>8.  **Aiding and Abetting**<br><br>**JURY TRIAL REQUESTED** |

## NATURE OF THE CASE

1. Segregation of the disabled is the last vestige of collectively acceptable discrimination. Discrimination is highly prevalent in the lodging industry.

2. Despite the collectively acceptable discrimination, however, Plaintiff is entitled to full and equal enjoyment of lodging services and facilities, 42 U.S.C. §12182(a). His right to equal and full participation in the benefits and services in lodging facilities is inviolate.

3. The lodging industry is subject to specific accessibility disclosure requirements under 28 C.F.R. 36.302(e)(1)(ii), and specific architectural accessibility requirements pursuant to the ADA Accessibility Guidelines ("ADAAG").

4. Hotels, motels and other places of lodging have developed a system of deceptive self-identification through the use of purchased brand names such as "Holiday Inn" and "DoubleTree by Hilton" while at the same time concealing the true identity of the hotel owners and operators. The intent and purpose of this deceptive identification is to mislead the lodging public into believing that they are booking a hotel room at a national brand name property when they are in fact booking a room with an unknown owner and an unknown operator.

5. The misidentification of the brand name "operator" or "owner" instead of the actual operator or owner benefits the actual operator or owner in its marketing efforts, but does not fall within to the legal definition of the "operator" under the ADA.

6. Some hotels, motels and other places of lodging have developed a system of booking website accessibility disclosures that disclose certain accessible features but also describe other features that are not accessible. The effect of admissions of non-accessibility is to deter the disabled from lodging there.

7. Where a place of lodging limits a disabled person's access to particular features, such limitation represents a prohibited eligibility criteria pursuant to 28 C.F.R. 36.301 because, "while not creating a direct bar to individuals with disabilities, indirectly prevent or limit their ability to participate".

8. Therefore, Plaintiff brings this action against Defendants alleging:

    a. Violations of 28 C.F.R. 36.302(e)(1)(ii) and the ADAAG and corresponding negligence against Defendant Lonesome Valley Hospitality, LLC ("Lonesome Valley"); and

    b. Violations of common law and statutory consumer protection laws against Lonesome Valley; and

    c. Brand deceit for deceptive self-identification against Lonesome Valley; and

    d. Civil Conspiracy against Lonesome Valley and Hilton Worldwide Holdings, Inc. aka Hilton Franchise Holding, LLC aka Hilton Holdings, LLC ("Hilton"); and

    e. Civil Aiding and Abetting against Hilton related to (i) Lonesome Valley's use of Hilton's website platform to provide incorrect and deceptive accessibility

2

information and (2) for assisting Lonesome Valley in its deceptive self-identification.

**PARTIES**

9. Plaintiff is a retired veteran and a disabled person as defined by the 2008 ADA Amendment Act, 28 C.F.R. 36.105 all as more fully developed below.

10. Defendant Lonesome Valley owns, operates leases or leases to a lodging business located at 2901 N. Glassford Hill Rd., Prescott Valley, AZ 86314 ("Hotel").

11. Defendant Hilton is an international lodging and franchising chain and the direct or indirect owner of the brand "Hampton Inn & Suites by Hilton".

**JURISDICTION AND VENUE**

12. Superior Court has jurisdiction over this case or controversy by virtue of A.R.S. § 12-123. Venue is proper pursuant to A.R.S. § 12-401.

13. This Court has continuing subject matter jurisdiction by virtue of, *inter alia,* Plaintiff's claim for equitable nominal damages.

14. The ADA violations documented below relate constitute barriers to Plaintiff equal enjoyment of defendant's Hotel by virtue of the limitations of major life activities described in Table 1 below, that is, walking, standing, sitting, bending, sleeping, working, performing manual tasks, reaching, grasping, lifting, climbing, kicking, pushing, opening doors, twisting the wrist, shoulder and elbows, and working in a manner understood by the application of common sense, e.g., in improperly configured handrail relates to Plaintiff's walking and grasping while an improperly configured staircase relates to his walking and climbing impairments[1].

15. These barriers impair Plaintiff's full and equal access to the Hotel.

16. Plaintiff is deterred from visiting the Hotel based on Plaintiff's knowledge that the Hotel is not ADA compliant as such compliance relates to Plaintiff's disability. However, Plaintiff intends to return to the Hotels periodically to test them for ADA

---

[1] These are merely examples of the application of common sense; the referenced violations were not necessarily encountered at Defendant's Hotel. The actual barriers are photographically documented elsewhere in this Complaint. Each photograph has a description of the violation in common everyday language which relates to one or more of the limited life activities described above.

3

compliance. Plaintiff's current intent is to return to the Hotels to lodge there or to test their accessibility within a year's time.

17. Plaintiff intends to visit the Hotels at a specific time when they become fully compliant with ADAAG; just as a disabled individual who intends to return to a noncompliant Hotel suffers an imminent injury from the Hotel's existing or imminently threatened noncompliance with the ADA, a plaintiff who is deterred from patronizing a hotel suffers the ongoing actual injury of lack of access to the Hotel.

## PLAINTIFF'S DISABILITIES AS DEFINED BY THE 2008 ADA AMENDMENT ACT AND 28 C.F.R. 36.105

18. At all times relevant hereto, Plaintiff suffered from the following physical disabilities: prostate cancer, genitourinary impairment, renal cancer, severe right-sided neural foraminal stenosis with symptoms of femoral neuropathy, missing right knee ameliorated with a prosthesis, limitation on the use of both shoulders, elbows and wrists, pleurisy, hyper blood pressure.

19. Plaintiff's physical infirmities alleged above do both of the following:

   a. Affect neurological, musculoskeletal, respiratory, cardiovascular, reproductive and genitourinary body systems; and

   b. Limit, without regard to mitigated or unmitigated measures, active or inactive state, remissive or non-remissive condition, the following major life activities: walking, standing, sitting, bending, sleeping, working, climbing stairs, kicking, jumping, twisting body, running, reaching, lifting, writing, working, twisting the wrist, shoulder and elbows, grasping, pushing, opening doors, breathing, getting in and out of a car, working, carrying stuff and other major life activities.

20. Plaintiff has a history of impairments stated in the preceding paragraph.

21. Plaintiff is regarded as having a physical conditions that limit major life activities.

22. Because of Plaintiff's disabilities, he requires the use of lodging facilities that are accessible to him and have the standard accessibility features of the construction related accessibility standards including those required by 42 U.S.C. Sec. 12101 et

4

seq., 28 C.F.R. Part 36, the relevant Standards for Accessibility Design, as such laws and regulations relate to walking, standing, sitting, bending, sleeping, working, climbing stairs, kicking, jumping, twisting body, running, reaching, lifting, writing, working, twisting the wrist, shoulder and elbows, grasping, pushing, opening doors, breathing, getting in and out of a car, carrying stuff and working.

23. Plaintiff has been declared disabled and has been issued a government disability placard reproduced in the margin.



24. The following Table 1 indicates the relationship between Plaintiff's ADA disabilities and major life activities:

**RELATION BETWEEN PLAINTIFF'S ADA DISABILITY AND MAJOR LIFE ACTIVITIES**

| DESCRIPTION | DISABILITY PRONG | | | MAJOR LIFE ACTIVITY | 28 C.F.R. 36 REFERENCE |
|---|---|---|---|---|---|
| | Impairment | History Of | Reg'ed As | | |
| Prostate Cancer And Genitourinary Impairment | x | x | x | Abnormal cell growth, genitourinary, bladder, reproductive functions. | (c)(1)(ii) (d)(1)(iv) (d)(1) (v) (d)(1) (vi) (d)(1)(viii) (d)(2)((iii)(F) (e)(1)(2) (f)(1) |
| Renal Cancer | x | x | x | Abnormal cell growth, midsection twisting, turning, general movement. | (c)(1)(ii) (d)(1)(iv) (d)(1)(v) (d)(1)(vi) (d)(1)(viii) (d)(2)((iii)(F) (e)(1)(2) (f)(1) |
| Severe Right-Sided Neural Foraminal Stenosis With Symptoms Of Femoral Neuropathy | x | x | x | Walking, standing, sitting, bending, sleeping, working, climbing stairs, kicking, jumping, twisting body, running, climbing, carrying stuff and other major life activities | (c)(1)(i) (d)(1)(iv) (d)(1)(v) (d)(1)(vi) (d)(1)(viii) (d)(2)(iii)(D) (e)(1)(2) (f)(1) |

| | | | | | |
|---|---|---|---|---|---|
| Partially Missing Limb - Missing Right Knee | x | x | x | Walking, standing, sitting, bending, walking, sleeping, working, climbing stairs, kicking, jumping, running, twisting knee, carrying stuff, and other major life activities. | (c)(1)(i) (d)(1)(iv) (d)(1)(v) (d)(1)(vi) (d)(1)(viii) (d)(2)((iii)(D) (e)(1)(2) (f)(1) |
| Limitation On The Use Of Both Shoulders, Elbows And Wrists | x | x | x | Performing manual tasks, sleeping, reaching, lifting, writing, working, twisting the wrist, shoulder and elbows, grasping, pushing, opening doors, carrying stuff and working. | (c)(1)(i) (d)(1)(iv) (d)(1)(v) (d)(1)(vi) (d)(1)(viii) (e)(1)(2) (f)(1) |
| Pleurisy | x | x | x | Performing manual tasks, sleeping, walking, reaching, lifting, writing, working, carrying stuff, or physically functioning on any level. | (c)(1)(i) (d)(1)(iv) (d))1)(v) (d))1)(vi) (d)(2)((iii)(D) (e)(1)(2) (f)(1) |
| **Table 1** | | | | | |

25. Plaintiff has been declared permanently disabled by the Arizona Department of Transportation and is, therefore "regarded as" being disabled. The disabled placard reproduced in the margin above entitles him to preferential parking, stopping and the use of passenger loading / drop of zone areas.

26. In their unmitigated, active state, Plaintiff's impairments require the use of a wheelchair as defined in 28 C.F.R. 36.104.

27. Plaintiff incorporates the entirety of 28 C.F.R. 36 and the Standards for Accesibility Design into this Complaint as if fully stated herein.

///

6

**PLAINTIFF'S ADA REQUIREMENTS FOR FULL AND EQUAL ENJOYMENT OF A HOTEL**

28. With respect to the disclosures required by 28 C.F.R. 36.302(e)(1)(ii) **and** with respect to the removal of actual, physical or architectural barriers to accessibility, Plaintiff alleges:

   a. Plaintiff is ADA disabled as described above. The relationship between Plaintiff's impairments and major life activities is described in Table 1.

   b. Plaintiff's impairments are substantially limiting as this term is defined in the 2008 ADA Amendment Act and interpreted in 28 C.F.R. 36.105.

   c. Plaintiff alleges that the provisions of the 2008 ADA Amendment Act and 28 C.F.R. 35.105 relating to (1) ameliorative effects of mitigating measures (2) episodic impairments, (3) remissive impairments, (4) predictable assessments and (5) the interpretative definition of "substantially limiting" apply to Plaintiff.

   d. Because of and based on Plaintiff's impairments described above, Plaintiff requires a place of lodging  where he desires to book a room to both:

      1. Identify and describe accessible features and guest rooms offered through its reservations service in sufficient detail to permit Plaintiff assess independently whether Defendant's Hotel and guest rooms meet Plaintiff's accessibility needs; and

      2. Remediate architectural accessibility barriers that relate to Plaintiff's impairments.

   e. The identification of accessible features at the hotel through a hotel's reservation service is required because without such information, Plaintiff is unable to assess independently whether a hotel's condition meets Plaintiff's needs.

   f. The remediation of architectural accessibility barriers as they relate to Plaintiff's impairments is required because any encounter with architecturally inaccessible elements causes Plaintiff discomfort and pain when using, negotiating, overcoming or otherwise encountering such barriers.

7

1     g. As a result, Plaintiff requires a hotel's booking services to disclose, and the hotel

2        to remediate, all of the following accessibility requirements of the applicable

3        Standards for Accessibility Design[2]:

4        (i) Operable parts [205[3], 309, 404,] such as doors, door opening and closing

5           hardware, AC controls. An encounter with a non-compliant operable part

6           causes Plaintiff to experience pain and discomfort when using, negotiating,

7           overcoming or otherwise encountering such a barrier and deprive him of full

8           and equal enjoyment of the hotel.

9        (ii) Knee and toe clearances [306] at counters, bars etc. An encounter with a non-

10          compliant knee and toe clearance causes Plaintiff to experience pain and

11          discomfort when using, negotiating, overcoming or otherwise encountering

12          such a barrier and deprive him of full and equal enjoyment of the hotel.

13       (iii)    Reach ranges [308] in sales stores and other elements. An encounter with a

14          non-compliant reach range causes Plaintiff to experience pain and discomfort

15          when using, negotiating, overcoming or otherwise encountering such barriers

16          and deprive him of full and equal enjoyment of the hotel.

17       (iv)    Accessible routes [402]. An encounter with a non-compliant accessible

18          route causes Plaintiff to experience pain and discomfort when using,

19          negotiating, overcoming or otherwise encountering such a barrier and deprive

20          him of full and equal enjoyment of the hotel.

21       (v) Walking surfaces [403] on accessible routes. An encounter with a non-

22          compliant walking surfaces causes Plaintiff to experience pain and discomfort

23          when using, negotiating, overcoming or otherwise encountering such a barrier

24          and deprive him of full and equal enjoyment of the hotel.

25

26    [2] These requirements are based on Plaintiff's disability as defined in the 2008 ADA
27    Amendment Act and 28 C.F.R. 36.105 in their active, inactive, remissive, non-remissive,
      mitigated or unmitigated states.
28

      [3] Bracketed numbers refer to Standards for Accessibility Design.

(vi)    Parking spaces, passenger loading ones, stairways and handrails [501, 502, 503, 504, 505]. An encounter with a non-compliant parking facilities, stairways and handrails causes Plaintiff to experience pain and discomfort when using, negotiating, overcoming or otherwise encountering such barriers and deprive him of full and equal enjoyment of the hotel.

(vii)    Toilet and bathing rooms, water closets and toilet compartments, lavatories and sinks, bathtubs, shower compartments, grab bars, seats, washing machines, clothes dryers and saunas and steam rooms [602, 603, 604, 606, 607, 608, 609, 610, 611 and 612]. An encounter with a non-compliant toilet and bathing rooms, water closets and toilet compartments, lavatories and sinks, bathtubs, shower compartments, grab bars, seats, washing machines, clothes dryers and saunas and steam rooms cause Plaintiff to experience pain and discomfort when using, negotiating, overcoming or otherwise encountering such barriers and deprive him of full and equal enjoyment of the hotel.

(viii)    Transient lodging guest rooms [806]. An encounter with a non-compliant transient lodging guest room causes Plaintiff to experience pain and discomfort when using, negotiating, overcoming or otherwise encountering such a barrier and deprive him of full and equal enjoyment of the hotel.

(ix)    Dining surfaces and work surfaces, benches, check out isles and sales and service counters [902, 903, 904]. An encounter with a non-compliant dining surfaces and work surfaces, benches, check out isles and sales and service counters cause Plaintiff to experience pain and discomfort when using, negotiating, overcoming or otherwise encountering such barriers and deprive him of full and equal enjoyment of the hotel.

(x) Swimming pools and saunas [1009]. An encounter with non-compliant swimming pools or saunas causes Plaintiff to experience pain and discomfort when using, negotiating, overcoming or otherwise encountering such barriers and deprive him of full and equal enjoyment of the hotel.

9

29. Plaintiff reviewed Defendant's booking website to determine whether it "identif[ies] and describe[s] accessible features and guest rooms offered through its reservations service in sufficient detail to assess independently whether [Defendant's Hotel or guest room] meet [Plaintiff's] accessibility needs".

30. The reproduction of relevant booking websites in Table 2 below demonstrates a failure to identify and describe accessible features and guest rooms offered through its reservations service in sufficient detail to permit Plaintiff to assess independently whether Defendant's Hotel or guest room meet Plaintiff's accessibility needs:

28 C.F.R. 36.302(e)(1)(ii) DISCLOSURES
https://www.hilton.com/en/hotels/prcvlhx-hampton-suites-prescott-valley/

**Available accessible features include:**

- Accessible business center
- Accessible exercise facility
- Accessible guest rooms with mobility features with entry or passage doors that provide 32" of clear width
- Accessible hotel restaurant
- Accessible parking spaces for cars in the self-parking facility
- Accessible public entrance
- Accessible registration desk
- Accessible route from the accessible public entrance to the accessible guestrooms
- Accessible route from the accessible public entrance to the registration area
- Accessible route from the hotel's accessible entrance to the meeting room/ballroom area
- Accessible route from the hotel's accessible public entrance to at least one restaurant
- Accessible route from the hotel's accessible public entrance to the business center
- Accessible route from the hotel's accessible public entrance to the exercise facilities
- Accessible route from the hotel's accessible public entrance to the spa
- Accessible route from the hotel's accessible public entrance to the swimming pool
- Accessible swimming pool

- Closed captioning on televisions or closed captioning decoders
- Service animals welcome
- TTY for guest use
- Van-accessible parking in the self-parking facility

**The following features aren't available:**

- Accessible concierge desk
- Accessible transportation with advance notice
- Assistive listening devices for meetings upon request
- Valet only parking

**Table 2**

31. The information disclosed on Hotel's Booking Website, Table 2, indicates that the hotel is completely ADA compliant with the exception of 4 items discloses in Table 2.

   a. That representation that the Hotel is accessible is false as evidenced in Table 3 below.

32. Plaintiff personally visited the Hotel and personally encountered the following photographically documented conditions at the Hotel. Below each photograph is a vernacular description of the barrier and how the barrier affected Plaintiff's impairments described above so as to deny him the 'full and equal' access that would satisfy the injury-in-fact requirement (i.e., that he personally suffered discrimination under the ADA on account of his disability).



PERSONAL BARRIER ECOUNTERS

Identification.

11

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



No marked passenger loading zone.



No accessibility to passenger waiting area.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



Inaccessible check in counter.



More than 5 lbs to open.

Wrongly configured hardware – twisting action.

3.5 s closing time.

1
2
3
4
5
6
7
8
9
10
11



Opening hardware too high.

12
13
14
15
16
17
18
19
20
21
22
23
24



No handrails on ramps throughout.

25

**Identification of Specific Barrier in Plain Language:** As indicate below each photo.

26

**The date when Plaintiff encountered above described barriers and which deter Plaintiff from visiting the Facility:** On or about August 17, 2020.

27

Table 3

28

15

1

2                         **COUNT ONE**

                    Americans with Disabilities Act
3

4 33. Plaintiff realleges all allegations heretofore made.

5 34. Defendant Lonesome Valley violated the ADA as documented above.

6 35. Plaintiff   is  deterred  from  booking  a  room  at  the  Hotel  because  the  violations

7       documented above are directly related to his disabilities by the application and use of

8       common  sense  as  suggested  by  the  United  States  Supreme  Court  in  *Ashcroft v.*

9       *Iqbal,* 556 U.S. 662 (2009)

10 36. Each of the above conditions constitute a violation of the ADA and deprived Plaintiff

11       of full and equal access and enjoyment of the Hotel.

12 37. The removal of barriers is readily achievable.

13 38. Plaintiff's injury will be redressed by the removal of barriers as requested below.

14 **WHEREFORE,** Plaintiff prays for all relief as follows:

     A.  Relief described in 42 U.S.C. §2000a – 3; and
15

     B.  Relief described in 42 U.S.C. § 12188(a) and (b) and, particularly -
16

     C.  Injunctive relief order to alter Defendant's place of public accommodation to
17

18          make it readily accessible to and usable by ALL individuals with disabilities;

19          and

     D.  Requiring the provision of an auxiliary aid or service, modification of a
20

21          policy, or provision of alternative methods, to the extent required by

         Subchapter III of the ADA; and
22

     E.  Equitable nominal damages; and
23

     F.  For costs, expenses and attorney's fees; and
24

     G.  All remedies provided for in 28 C.F.R. 36.501(a) and (b); and
25

     H.  All other relief susceptible of proof based on the allegations.
26
                        **COUNT TWO**
27
             Negligence and Negligence Per Se
28
39. Plaintiff realleges all allegations heretofore set forth.

16

40. Defendant owed Plaintiff a duty to remove ADA accessibility barriers so that Plaintiff as a disabled individual would have full and equal access to the public accommodation.

41. The ADA is a civil rights legislative pronouncements while the enforceable implementing regulation are safety pronouncements. *See,* e.g. 28 C.F.R. 36 and 2010 Standards for Accessibility Design.

42. Every time that Plaintiff is required to negotiate a non-compliant element in Defendant's Hotel, Plaintiff suffers pain and physical discomfort that the regulation is designed to prevent.

43. Plaintiff personally experienced the violations of enforceable implementing regulations and personally experienced paid, discomfort and suffering as a result of Defendant's violations of implementing regulations.

44. Plaintiff suffered physical and emotional damages in an amount to be proven at trial but in no event less than $35,000.00.

45. The implementing regulations were designed for the specific purpose of preventing, in part, the types of injuries suffered by Plaintiff.

46. Defendant breached this duty.

47. Defendant's knowing, and intentional discrimination has worked counter to our Nation's goals enumerated in 42 U.S.C. 12101(a), causing Plaintiff injury.

48. By engaging in negligent conduct described herein, Defendant engaged in intentional, aggravated and outrageous conduct.

49. Defendant either intended to cause injury to Plaintiff or defendant consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to Plaintiff.

50. Defendant is liable to Plaintiff for punitive damages in an amount to be proven at trial sufficient, however, to deter this Defendant and others similarly situated from pursuing similar acts, and in no event less than $135,000.00.

**WHEREFORE,** Plaintiff prays for relief as follows:

    A. For finding of negligence; and

    B. For damages in the amount of no less than $35,000.00; and

C. For punitive damages in the amount of no less than $135,000.00; and

D. For such other and further relief as the Court may deem just and proper.

### COUNT THREE
### Negligent Misrepresentation

51. Plaintiff realleges all allegations heretofore set forth.

52. Defendant failed to exercise reasonable care or competence in obtaining or communicating the information regarding ADA compliance to Plaintiff through its booking website as alleged above.

53. Defendant hotel supplied false information to Plaintiff for guidance in Plaintiff's business transaction, to wit: the renting of a hotel room.

54. Defendant's false statement was made in the course of Defendant's business in which Defendant has a pecuniary interest, to wit: renting of rooms.

55. Plaintiff justifiably relied on Defendant's false representation.

56. Plaintiff has suffered pecuniary losses as a result of his reliance on Defendant's false information regarding ADA compliance, to wit: he spent time, effort and resources in an amount to be proven at trial, but in no event less than $35,000.00.

57. Defendant either intended to cause injury to Plaintiff or defendant consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to Plaintiff.

58. Defendant is liable to Plaintiff for punitive damages in an amount to be proven at trial sufficient, however, to deter this Defendant and others similarly situated from pursuing similar acts, but in no event less than $135,000.00.

**WHEREFORE,** Plaintiff prays for relief as follows:

A. For finding of negligent misrepresentation; and

B. For damages in an amount requested; and

C. For punitive damages in the amount requested; and

D. For such other and further relief as the Court may deem just and proper.

### COUNT FOUR
### Failure to Disclose

59. Plaintiff realleges all allegations heretofore set forth.

18

60. Defendant was under a duty to Plaintiff to exercise reasonable care to disclose matters required to be disclosed pursuant to 28 C.F.R. 36.302(e)(1)(ii) as more fully alleged above.

61. Defendant was under a duty to disclose matters to Plaintiff that Defendant knew were necessary to be disclosed to prevent Plaintiff to be misled by partial disclosures of ADA compliance as more fully alleged above.

62. The compliance with the ADA is a fact basic to the transaction.

63. Defendant failed to make the necessary disclosures.

64. As a direct consequence of Defendant's failure to disclose, Plaintiff visited the hotel, but is deterred from booking a room because of its non-compliance with the ADA.

65. Plaintiff has been damaged by Defendant's non-disclosure in an amount to be proven at trial, but in no event less than $135,000.00.

66. Defendant either intended to cause injury to Plaintiff or defendant consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to Plaintiff.

67. Defendant is liable to Plaintiff for punitive damages in an amount to be proven at trial sufficient, however, to deter this Defendant and others similarly situated from pursuing similar acts but in no event less than $135,000.00

**WHEREFORE,** Plaintiff prays for relief as follows:

   A. For finding of that Defendant failed to disclose information; and

   B. For damages in the amount requested; and

   C. For punitive damages in the amount requested; and

   D. For such other and further relief as the Court may deem just and proper.

## COUNT FIVE
### Common Law and Statutory Fraud

68. Plaintiff realleges all allegations heretofore set forth.

69. Defendant made representation(s) as alleged in Table 2 above.

70. The representation(s) were material.

71. The representation(s) were false.

19

72. Defendant knew that the representation(s) were false or was ignorant to the truth or falsity thereof.

73. Defendant intended that Plaintiff rely on the false representation(s).

74. Plaintiff reasonably relied on the misrepresentation(s).

75. Plaintiff has a right to rely on the misrepresentation(s).

76. Plaintiff was consequently and proximately damaged by Defendant's misrepresentation(s).

77. Defendant's misrepresentation(s) were made in connection with the sale or advertisement of merchandise with the intent that Plaintiff rely on it.

78. Renting of hotel rooms is "merchandise" as this term is defined in A.R.S. §44-1521(5).

79. Plaintiff suffered an injury resulting from the false misrepresentation(s) and was damaged thereby in an amount of no less than $35,000.00.

80. Defendant either intended to cause injury to Plaintiff or defendant consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to Plaintiff.

81. Defendant is liable to Plaintiff for punitive damages in an amount to be proven at trial sufficient, however, to deter this Defendant and others similarly situated from pursuing similar acts but in no event less than $235,000.00.

**WHEREFORE,** Plaintiff prays for relief as follows:

    A. For finding of that Defendant failed to disclose information; and

    B. For damages in the amount requested; and

    C. For punitive damages in the amount requested; and

    D. For such other and further relief as the Court may deem just and proper.

### COUNT SIX
### Consumer Fraud – Brand Deceit

82. Plaintiff realleges all allegations made above.

83. Hotels, motels and other places of lodging have developed a system of deceptive self-identification through the purchase and use of nationally recognizable brand names

1  such as "Holiday Inn", "Hilton", "Motel 6", "Hilton" in order to hide the true

2  ownership and operational management of the hotel or motel.

3  84. One way this deceptive self-identification is communicated to the guests and potential

4  guests is through actual identification on the property itself.  For example, Defendant

5  Lonesome Valley identifies itself as Hampton Inn & Suites by Hilton at the entrance

6  to the Hotel:



85. Lonesome Valley is not Hampton Inn & Suites by Hilton. It is Lonesome Valley. The misidentification is necessary because general public, including Plaintiff, identify Hilton properties with a higher degree of lodging standard and general integrity than Lonesome Valley.

86. Another way Defendant misidentifies itself is thorough its booking website:

https://www.hilton.com/en/search/hilton-honors/?query=Prescott%20Valley,%20Arizona,%20US&placeId=&sessionToken=ca6e4a87-904d-4234-949f-086a26953f96&arrivalDate=2020-08-20&departureDate=2020-08-21&numAdults=1&numChildren=0&numRooms=1




Hampton Inn & Suites Prescott Valley
0.72 miles
Hotel Details >
$190
LIMITED TIME - HONORS ESSENTIAL TRAVELER
View Rates

87. Yet other ways the Hotel misidentifies itself as through business card of the Hotel management:



Vanessa Sneed
General Manager
Hampton Inn & Suites by Hilton
Prescott Valley, Arizona

2901 N Glassford Hill Road
Prescott Valley, AZ 86314

vanessa.sneed@hilton.com
www.hampton.com

tel 928.772.1800
cel 928.899.0177
fax 928.772.8473

88. The intent and purpose of this deceptive self-identification is to mislead the lodging public into believing that they are booking a hotel room at a national brand name

22

property when they are in fact booking a room with an unknown owner and an unknown operator. Plaintiff justifiably relied on Lonesome Valley's false self-identification to his damage.

89. Plaintiff suffered an injury resulting from the false misrepresentation(s) and was damaged thereby in an amount of no less than $35,000.00.

90. Defendant either intended to cause injury to Plaintiff or defendant consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to Plaintiff.

91. Defendant is liable to Plaintiff for punitive damages in an amount to be proven at trial sufficient, however, to deter this Defendant and others similarly situated from pursuing similar acts but in no event less than $135,000.00.

**WHEREFORE,** Plaintiff prays for relief as follows:

    A. For finding of that Defendant failed to disclose information; and

    B. For damages in the amount requested; and

    C. For punitive damages in the amount requested; and

    D. For such other and further relief as the Court may deem just and proper.

**COUNT SEVEN**
Civil Conspiracy

92. Plaintiff realleges all allegations heretofore set forth.

93. Hilton is the owner of the "Hampton Inn & Suites by Hilton" brand name.

94. Hilton and Lonesome Valley knew, at all times relevant hereto, that the Hilton brand has positive reputation, while Lonesome Valley has no reputation.

95. Public's perception of Lonesome Valley is wholly derivative of the reputation of Hilton.

96. Hilton and Lonesome Valley also knew, at all relevant times, that Lonesome Valley would sell more rooms if it sold the rooms under the name Hilton and not Lonesome Valley.

97. Lonesome Valley paid Hilton for the use of its brand name Hampton Inn & Suites by Hilton.

23

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

98. Hilton and Lonesome Valley structured their relationship so that Plaintiff and the public would believe that Hilton operates the Hotel, while at the same time they knew that Hilton was not the operator and would not be considered an operator of the Hotel and thereby not subject to ADA liability.

99. Hilton further provided Lonesome Valley with a booking platform on Hilton's website and agreed, expressly or implicitly, that Lonesome Valley misrepresent its accessibility features thereon.

100.    Hilton and Lonesome Valley also knew that the use of Hilton's brand name and the misrepresentations on the Hilton's website would mislead the traveling public into believing that they were dealing with a reputable national lodging chain when in fact they are dealing with an unknown person or entity with no reputation and that the website disclosures ere truthful.

101.    It was for these reasons that Hilton and Lonesome Valley agreed that the Hotel would market its rooms under the name of Hilton.

102.    The agreement between Defendants assured that Hilton would (1) receive compensation for its part of the brand deceit and (2) avoid ADA liability Lonesome Valley would reap the benefits of greater sales caused by Defendants' brand deceit.

103.    Defendants agreed to falsely market the Hotel as a "Hampton Inn & Suites by Hilton" in order to misled the public, including Plaintiff.

104.    Plaintiff believed he was dealing with Hilton when in fact he was dealing with an unknown entity.

105.    Defendants Hilton and Lonesome Valley agreed to accomplish an unlawful purpose, the sale of rooms under deceptive brand, and did so by unlawful means.

106.    Defendants Hilton and Lonesome Valley agreed to accomplish an unlawful purpose,  the sale of rooms to the disabled travelers with false accessibility information, and did so by unlawful means.

107.    Plaintiff suffered an injury resulting from Defendants' brand deceit and their agreement to accomplish it in a manner described above and was damaged thereby in an amount of no less than $35,000.00.

108.   Defendants either intended to cause injury to Plaintiff or defendant consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to Plaintiff.

109.   Defendants are liable to Plaintiff for punitive damages in an amount to be proven at trial sufficient, however, to deter these Defendants and others similarly situated from pursuing similar acts but in no event less than $235,000.00.

**WHEREFORE,** Plaintiff prays for relief as follows:

    A.  For finding of that Defendants committed a civil conspiracy; and

    B.  For damage as prayed for above; and

    C.  For damages in the amount requested; and

    D.  For punitive damages in the amount requested; and

    E.  For such other and further relief as the Court may deem just and proper.

<div align="center">

**COUNT EIGHT**
Civil Aiding and Abetting

</div>

110.   Plaintiff realleges all allegations heretofore made.

111.   Defendant Hilton aided and abetted Defendant Lonesome Valley brand deceit by:

    a.  Providing the Hilton signage on the physical Hotel building; and

    b.  Maintaining a booking website that does not disclose the true ownership and operator of the Hotel; and

    c.  Issuing reservation confirmations in the name of Hilton in order to conceal the true ownership and operations; and

    d.   Otherwise assuring that the true name of the owner of the Hotel appears nowhere on its disclosures, websites, booking websites, telephonic identification, physical signage or anywhere else; and

    e.  Providing a website platform upon which Defendant Lonesome Valley advertised its rooms with false and misleading accessibility disclosures.

112.   Hilton aided and abetted Lonesome Valley in providing Lonesome Valley with a website platform in which Lonesome Valley committed misrepresentations relating to accessibility.

113.    Plaintiff suffered an injury resulting from Hilton's aiding and abetting brand deceit in an amount of no less than $35,000.00.

114.    Defendants either intended to cause injury to Plaintiff or defendant consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to Plaintiff.

115.    Defendants are liable to Plaintiff for punitive damages in an amount to be proven at trial sufficient, however, to deter these Defendants and others similarly situated from pursuing similar acts but in no event less than $235,000.00.

**WHEREFORE,** Plaintiff prays for relief as follows:

A. For finding of that Defendant Hilton committed civil aiding and abetting; and

B. For damage as prayed for above; and

C. For punitive damages in the amount requested; and

D. For such other and further relief as the Court may deem just and proper

### PUNITIVE DAMAGES ENHANCEMENT ALLEGATIONS

116.    Plaintiff further alleges that:

a. Defendants' conduct was and continues to be reprehensible; and

b. Defendant's caused severe of the harm, i.e. segregation of persons with disabilities; and

c. Defendants segregated of Plaintiff from the rest of the traveling public; and

d.  The duration of Defendants' the misconduct is over 30 years and

e. Defendants' were fully aware of their own illicit maintenance of the Hotel; and

f. Particularly where compensatory damages may be low, "the need for punishment or deterrence may be increased by reason of the very fact that the defendant will have no liability for compensatory damages". *Sanchez v. Clayton*, 117 N.M. 761, 767, 877 P.2d 567, 573 (1994) (citing to 1 Dan B. Dobbs, *Law of Remedies* § 3.11(10), at 515-16 (2d ed. 1993))).

117.    These factors recommend that only the most severe sanctions against Defendant Hotel will assure compliance with the ADA and integration of disabled individuals.

### REQUEST FOR TRIAL BY JURY

Plaintiff respectfully requests a trial by jury in issues triable by a jury.

1    RESPECTFULLY SUBMITTED this 22nd day of September, 2020.

2                                **PETER STROJNIK**

3

4                                _____
                                 Peter Strojnik
5                                Plaintiff

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT "5"



# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Claudia Reyes<br>Hilton Domestic Operating Company Inc.<br>7930 Jones Branch Dr<br>Mc Lean, VA 22102-3388 |
| **Electronic copy provided to:** | Matthew Fore<br>Alana Stanley<br>Ashley Cypher<br>Jennifer Guy |

| | |
|---|---|
| **Entity:** | Hilton Domestic Operating Company Inc.<br>Entity ID Number  3602014 |
| **Entity Served:** | Hilton Worldwide Holdings, Inc |
| **Title of Action:** | Peter Strojnik vs. Lonesome Valley Hospitality LLC dba Hampton Inn & Suites Prescott Valley |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Discrimination |
| **Court/Agency:** | Yavapai County Superior Court, AZ |
| **Case/Reference No:** | P1300CV202000781 |
| **Jurisdiction Served:** | Arizona |
| **Date Served on CSC:** | 09/25/2020 |
| **Answer or Appearance Due:** | 20 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Peter Strojnik<br>602-524-6602 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

# EXHIBIT "6"

Lindsay G. Leavitt – 029110
Lleavitt@jsslaw.com
Jordan T. Leavitt – 031930
jleavitt@jsslaw.com
**JENNINGS, STROUSS & SALMON, P.L.C.**
A Professional Limited Liability Company
One East Washington Street
Suite 1900
Phoenix, Arizona  85004-2554
Telephone: (602) 262-5911
MinuteEntries@jsslaw.com

*Attorneys for Defendant Lonesome Valley
Hospitality, LLC d/b/a Hampton Inn & Suites
Prescott Valley*

### IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

### IN AND FOR THE COUNTY OF YAVAPAI

| | |
|---|---|
| Peter Strojnik,<br><br>Plaintiff,<br><br>vs.<br><br>Lonesome Valley Hospitality, LLC, dba Hampton Inn & Suites Prescott Valley; Hilton Worldwide Holdings, Inc. aka Hilton Franchise Holdings, LLC aka Hilton Holdings, LLC,<br><br>Defendants. | No. P1300-CV202000781<br><br>**ACCEPTANCE OF SERVICE OF SUMMONS FOR DEFENDANT LONESOME VALLEY, LLC d/b/a HAMPTON INN & SUITES PRESCOTT VALLEY**<br><br>(Assigned to the Hon. Michael McGill) |

**TO:  Defendant Lonesome Valley Hospitality, LLC d/b/a Hampton Inn & Suites Prescott Valley**

Pursuant to Rule 4(f)(2), Ariz. R. Civ. P., Lindsay G. Leavitt, Esq, hereby acknowledges receipt of the Summons, Complaint and Certificate of Compulsory Arbitration ("Pleadings") in the above captioned matter and, being duly authorized to do so, does hereby accept service on behalf of, and with permission from, Lonesome Valley Hospitality, LLC d/b/a Hampton Inn & Suites Prescott Valley ("Defendant").  This acceptance of service shall operate the same as if said Pleadings had been served pursuant to the Arizona Rules of Civil Procedure upon the Defendant.  The undersigned further acknowledges that Jennings, Strouss & Salmon, PLC is the law firm for the Defendant and that, pursuant to Rule 12(a)(1)(A), Ariz. R. Civ. P., the Defendant's answer or other

7346542v1(88888.842)

responsive pleading deadline will calculate the same as if Defendant was personally served on the date that this acceptance of service is signed by counsel for Defendants.

Dated this 13th day of October, 2020.

**JENNINGS, STROUSS & SALMON, PLC**

By: _____

Lindsay G. Leavitt, Esq.
Jordan T. Leavitt, Esq.
Jennings, Strouss & Salmon, PLC
One East Washington Street, Ste. 1900
Phoenix, AZ 85004
*Attorneys for Lonesome Valley Hospitality, LLC d/b/a Hampton Inn & Suites Prescott Valley*

2

**Davis-Digeno, Tana L.**

| | |
|---|---|
| **From:** | TurboCourt Customer Service <CustomerService@TurboCourt.com> |
| **Sent:** | Tuesday, October 13, 2020 3:30 PM |
| **To:** | Davis-Digeno, Tana L.; Miller, Debbie |
| **Subject:** | AZTurboCourt E-Filing Courtesy Notification |

This message originated from outside of Jennings Strouss. Do not reply, click on any links or open any attachments unless you trust the sender and know the content is safe.

PLEASE DO NOT REPLY TO THIS EMAIL.

A party in this case requested that you receive an AZTurboCourt Courtesy Notification.

AZTurboCourt Form Set #5052687 has been DELIVERED to Yavapai County.

You will be notified when these documents have been processed by the court.

Here are the filing details:
Case Number: P1300CV202000781 (Note: If this filing is for case initiation, you will receive a separate notification when the case # is assigned.)
Case Title: PETER STROJNIK vs LONESOME VALLEY HOSPITALITY LLC et al.
Filed By: Lindsay G Leavitt
AZTurboCourt Form Set: #5052687
Keyword/Matter #: 88888-842 (Lonesome Valley) (tdd)
Delivery Date and Time: Oct 13, 2020 3:30 PM MST
Forms:
Summary Sheet (This summary sheet will not be filed with the court. This sheet is for your personal records only.)


Attached Documents:
Service: Acceptance: Acceptance of Service of Summons for Defendant Lonesome Valley, LLC ...



null / ALL
**Transmittal Number: 22080722**
**Date Processed: 09/28/2020**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Claudia Reyes<br>Hilton Domestic Operating Company Inc.<br>7930 Jones Branch Dr<br>Mc Lean, VA 22102-3388 |
| **Electronic copy provided to:** | Matthew Fore<br>Alana Stanley<br>Ashley Cypher<br>Jennifer Guy |

| | |
|---|---|
| **Entity:** | Hilton Domestic Operating Company Inc.<br>Entity ID Number  3602014 |
| **Entity Served:** | Hilton Worldwide Holdings, Inc |
| **Title of Action:** | Peter Strojnik vs. Lonesome Valley Hospitality LLC dba Hampton Inn & Suites Prescott Valley |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Discrimination |
| **Court/Agency:** | Yavapai County Superior Court, AZ |
| **Case/Reference No:** | P1300CV202000781 |
| **Jurisdiction Served:** | Arizona |
| **Date Served on CSC:** | 09/25/2020 |
| **Answer or Appearance Due:** | 20 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| **Sender Information:** | Peter Strojnik<br>602-524-6602 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

# EXHIBIT "D"

Lindsay G. Leavitt – 029110
Lleavitt@jsslaw.com
Jordan T. Leavitt – 031930
jleavitt@jsslaw.com
JENNINGS, STROUSS & SALMON, P.L.C.
A Professional Limited Liability Company
One East Washington Street
Suite 1900
Phoenix, Arizona 85004-2554
Telephone: (602) 262-5911

*Attorneys for Defendans*

### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Peter Strojnik,<br><br>       Plaintiff,<br><br>vs.<br><br>Lonesome Valley Hospitality, LLC, dba Hampton Inn & Suites Prescott Valley; Hilton Worldwide Holdings, Inc. aka Hilton Franchise Holdings, LLC aka Hilton Holdings, LLC,<br><br>       Defendants. | No.<br><br>**VERIFICATION OF STATE COURT RECORD** |

State of Arizona    )
                   ) ss
County of Maricopa  )

### VERIFICATION OF LINDSAY G. LEAVITT

    1.    Lindsay G. Leavitt, having been duly sworn upon my oath, declare and state, under penalty of perjury, as follows:

    2.    I am a Partner at the law firm of Jennings, Strouss & Salmon, PLC, and represent Defendants Lonesome Valley Hospitality, LLC, and Hilton Worldwide Holdings, Inc.

    3.    On September 22, 2020, Plaintiff Peter Strojnik filed the above-captioned case in the Yavapai County Superior Court of the State of Arizona, Case No. P1300-CV202000781 ("State Court Action").

7353985v1(69790.1)

4.      True and correct copies of all pleadings and other documents filed in the State Court Action are attached to the Notice of Removal as Exhibit C [1-6].

5.      A true and correct copy of the Notice of Removal has been sent to the clerk of the court in the State Court Action, and written notice has been sent to the Plaintiff, at the same time that the Notice of Removal is being filed in this Court.

I verify under penalty of perjury that the foregoing is true and correct.

DATED this 23rd day of October, 2020.

Lindsay G. Leavitt

**SUBSCRIBED and SWORN to before me this 23rd day of October, 2020.**

Notary Public

My Commission Expires:

BONNIE M. SIMPSON
Notary Public - Arizona
MARICOPA COUNTY
Commission # 588381
Expires Sept. 16, 2024

2

7353985v1(69790.1)

# EXHIBIT "E"

Lindsay G. Leavitt – 029110
Lleavitt@jsslaw.com
Jordan T. Leavitt – 031930
jleavitt@jsslaw.com
**JENNINGS, STROUSS & SALMON, P.L.C.**
A Professional Limited Liability Company
One East Washington Street, Suite 1900
Phoenix, Arizona  85004-2554
Telephone: (602) 262-5911
MinuteEntries@jsslaw.com

*Attorneys for Defendants*

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF YAVAPAI

| | |
|---|---|
| Peter Strojnik,<br><br>Plaintiff,<br><br>vs.<br><br>Lonesome Valley Hospitality, LLC, dba Hampton Inn & Suites Prescott Valley; Hilton Worldwide Holdings, Inc. aka Hilton Franchise Holdings, LLC aka Hilton Holdings, LLC,<br><br>Defendants. | No. P1300-CV202000781<br><br>**DEFENDANTS' NOTICE OF REMOVAL TO FEDERAL COURT** |

**TO:  CLERK OF THE SUPERIOR COURT AND ALL PARTIES TO THIS ACTION**

Please take notice that on October 23, 2020, Defendants Lonesome Valley Hospitality, LLC, and Hilton Worldwide Holdings, Inc. filed in the United States District Court for the District of Arizona a Notice of Removal to remove this action to that court.  A full and true copy of said Notice of Removal is herewith served on you for filing attached as **Exhibit "A"**.

. . .

. . .

. . .

. . .

RESPECTFULLY SUBMITTED this 23rd day of October, 2020.

JENNINGS, STROUSS & SALMON, P.L.C.

By */s/ Lindsay G. Leavitt*
Lindsay G. Leavitt
Jordan T. Leavitt
One East Washington Street, Suite 1900
Phoenix, Arizona  85004-2554
*Attorneys for Defendants*

Original of the foregoing E-Filed with the Clerk of the Court and a Copy of the foregoing sent via U.S. mail on this 23rd day of October, 2020, to:

Peter Strojnik
7847 N. Central Avenue
Phoenix, AZ 85020
ps@strojnik.com
*Pro Per*

*/s/ Tana Davis-Digeno*

7353994v1(69790.1)